UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELLIS CRIM,                          )       Case No.: 1:05CV1465
                                     )
             Petitioner,             )       JUDGE JOHN M. MANOS
                                     )       Magistrate Judge George J. Limbert
    vs.                              )
                                     )
CHRISTINE MONEY, WARDEN,             )       REPORT AND RECOMMENDATION
                                     )       OF MAGISTRATE JUDGE
             Respondent.             )

    On May 2, 2005, Ellis Crim ("Petitioner"), pro se, executed  a petition for writ of habeas

corpus in this Court pursuant to 28 U.S.C. § 2254.  Electronic Case Filing ("ECF") Dkt. #1.  On

May 24, 2005, his petition was filed in this Court.  *Id.*  On July 28, 2005, this case was referred

to the undersigned for a Report and Recommendation.  ECF Dkt. #6.  Respondent Christine

Money, Warden of the Marion Correctional Institution in Marion, Ohio ("Respondent") has

filed an answer/return of writ.  ECF Dkt. #10.  For the following reasons, the undersigned

recommends that this Court dismiss Petitioner's federal habeas corpus petition with prejudice

because Petitioner's first ground for relief is noncognizable in federal habeas corpus and he has

procedurally defaulted his second ground for relief.

**I.      FACTUAL BACKGROUND/PROCEDURAL HISTORY**

   **A.      TRIAL COURT**

    On December 11, 2001, a Cuyahoga County Grand Jury issued an indictment charging

Petitioner with two counts of felonious assault in violation of Ohio Revised Code §2903.11 with

each count including a one-year and three-year firearm specification.  ECF Dkt. #10,

Attachment 2, Exhibit 1.  Petitioner proceeded to trial on the charges and on July 8, 2002, the

trial court issued an entry declaring a mistrial after indicating that the prosecutor and defense

agreed to a mistrial during the trial on June 13, 2002.  ECF Dkt. #10, Attachment 2, Exhibit 2.

A new trial began on November 12, 2002 and on November 18, 2002, the jury returned

a guilty verdict on all counts.  ECF Dkt. #10, Attachment 2, Exhibit 3.  On December 19, 2002,

the trial court sentenced Petitioner to three years of incarceration on one count of felonious

assault and four years of consecutive imprisonment on the second count.  ECF Dkt. #10,

Attachment 2, Exhibit 4.  Additionally, the court merged the firearm specifications and imposed

an additional three years of incarceration to run prior to and consecutive with the seven-year

sentence.  *Id.*

**B.**      **DIRECT APPEAL**

**1.**      **CONVICTION AND SENTENCE**

On December 16, 2003, Petitioner, through counsel, timely appealed his conviction and

sentence.   ECF Dkt. #10, Attachment 3, Exhibit 7.  Petitioner, through counsel, filed an

appellate brief with the Eighth District Court of Appeals arguing the following assignments of

error:

First Assignment of Error:

The trial court erred by failing to instruct the jury as to the lesser
include[sic] offense of aggravated assault, R.C. § 2903.12.

Second Assignment of Error:

The trial court erred by denying the introduction of 911 tapes relevant to
the appellant's defense.

-2-

Third Assignment of Error:

> The trial court erred by sentencing the appellant to serve consecutive terms.

*Id.*  The State filed a responsive appellate brief and on June 1, 2004, the Eighth District Court of Appeals announced its decision affirming Petitioner's conviction, but remanding his case for resentencing after finding that the trial court failed to state the required findings to impose consecutive sentences.  ECF Dkt. #10, Attachment 4, Exhibits 8-9.

Petitioner did not file an appeal of the decision as to his conviction to the Ohio Supreme Court.

## 2. POST-CONVICTION RELIEF PETITION

On August 26, 2003, Petitioner, pro se, filed a pleading captioned as a post-conviction relief petition in the Eighth District Court of Appeals.  ECF Dkt. #10, Attachment 5, Exhibit 10. On September 2, 2003, the appellate court sua sponte struck this pleading from the record.  ECF Dkt. #10, Attachment 5, Exhibit 11.

On January 2, 2004, Petitioner filed a motion to transfer his petition from the appellate court to the trial court.  ECF Dkt. #10, Attachment 5, Exhibit 12.  The State of Ohio opposed this motion to transfer and on January 20, 2004, the appellate court denied Petitioner's motion to transfer, finding that he had failed to comply with the Ohio Rules of Civil Procedure by failing to serve a copy of his motion on his attorney.  ECF Dkt. #10, Attachment 5, Exhibits 13-14.

Petitioner did not file an appeal of this decision to the Ohio Supreme Court.

-3-

**C.      RESENTENCING IN TRIAL COURT**

**1.      TRIAL COURT'S SENTENCE**

On August 11, 2004, the trial court complied with the appellate court's remand and

resentenced Petitioner to the original sentence after citing the proper statutory findings.  ECF

Dkt. #10, Attachment 5, Exhibit 15.

**2.      DIRECT APPEAL OF RESENTENCING**

On March 24, 2005, Petitioner, through counsel, timely appealed his resentencing,

arguing the following assignments of error:

> 1.      ELLIS CRIM HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT
> DUE PROCESS OF LAW AND OF HIS CONSTITUTIONAL RIGHT
> TO A TRIAL BY JURY BY BOTH THE CONSECUTIVE
> SENTENCES IMPOSED ON HIM AND BY THE SENTENCES
> WHICH EXCEED THE MINIMUM TERMS OF IMPRISONMENT,
> FOR THE REASON THAT A JURY DID NOT FIND THE FACTS
> WHICH SUPPORTED THE IMPOSITION OF EITHER THE
> CONSECUTIVE SENTENCES OR THE SENTENCES WHICH
> EXCEEDED THE MINIMUM TERM.
>
> 2.      ELLIS CRIM HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT
> DUE PROCESS OF LAW BY BOTH THE CONSECUTIVE
> SENTENCES IMPOSED ON HIM AND BY THE SENTENCES
> WHICH EXCEED THE MINIMUM TERMS OF IMPRISONMENT AS
> SAID SENTENCES DO NOT COMPORT WITH OHIO'S NEW
> SENTENCING STRUCTURE.

ECF Dkt. #10, Attachment 6, Exhibit 16.  The State of Ohio filed a brief in response and on

August 11, 2005, the appellate court addressed Petitioner's contentions and affirmed the trial

court's sentence.  ECF Dkt. #10, Attachments 9-10, Exhibit 17; ECF Dkt. #10, Attachment 11,

Exhibit 18.

**3.      APPEAL TO OHIO SUPREME COURT**

Petitioner, through counsel, thereafter appealed the appellate court's affirmance of the trial court's resentencing to the Ohio Supreme Court.  ECF Dkt. #10, Attachment 11, Exhibit 19.  In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

> PROPOSITION OF LAW I:
>
> IN OHIO, CONSECUTIVE SENTENCES DENY A DEFENDANT OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW AND HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY BECAUSE SAID SENTENCES REQUIRE FINDINGS OF FACT BY THE TRIAL COURT WHICH ARE NOT SUBMITTED TO OR FOUND BY A JURY.
>
> PROPOSITION OF LAW II:
>
> IN OHIO, SENTENCES WHICH EXCEED THE MINIMUM SENTENCES WHICH ARE IMPOSED ON A DEFENDANT WHO HAS NEVER SERVED A PRISON TERM BEFORE DENY SAID DEFENDANT OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW AND HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY BECAUSE SUCH SENTENCES REQUIRE FINDINGS OF FACT BY THE TRIAL COURT WHICH ARE NOT SUBMITTED TO OR FOUND BY A JURY.
>
> PROPOSITION OF LAW NO. III:
>
> A DEFENDANT IS DENIED HIS LIBERTY WITHOUT DUE PROCESS OF LAW, WHEN THE TRIAL COURT IMPOSES A PRISON SENTENCE IN EXCESS OF THE MINIMUM SENTENCE ON A PERSON WHO HAS NEVER SERVED A PRISON TERM BEFORE WITHOUT MAKING THE MANDATORY FINDINGS NECESSARY TO SUPPORT SAID SENTENCE.

*Id.*  The State filed a memorandum in response to jurisdiction.  ECF Dkt. #10, Attachment 12, Exhibit 20.

On December 28, 2005, the Ohio Supreme Court accepted Petitioner's propositions of law and on May 31, 2006, the Ohio Supreme Court specifically accepted Petitioner's Proposition of Law III, reversed the appellate court's affirmance of Petitioner's sentence and

-5-

remanded Petitioner's case for a new resentencing hearing in the trial court pursuant to its

decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856 (2006).  *State v.

Crim*, 107 Ohio St.3d 1696, 840 N.E.2d 202, 2005-Ohio-1708 (2005); *In re Ohio Criminal

Sentencing Statutes Cases*, 109 Ohio St.3d 450, 849 N.E.2d 1, 2006-Ohio-2626 (2006).

## 4.    TRIAL COURT PCR PETITION

On January 7, 2005, after he filed his appeal to the Ohio Supreme Court but before that

court rendered a decision, Petitioner, pro se, filed a second PCR petition and motion for

correction of an illegal sentence.  ECF Dkt. #10, Attachment 12, Exhibit 21.  Petitioner also

filed a motion to vacate his sentence pursuant to Ohio Revised Code § 2953.21(A)(2).  ECF

Dkt. #10, Attachment 13, Exhibit 22.  In each of these filings, Petitioner presented the following

claims:

> 1.    Mr. Crim contends that his consecutive prison terms imposed under R.C.
> §2929.19(B)(2)(e) violates <u>Blakely</u> where petitioner did not admit to the
> additional factors in order to expose him to the consecutive prison terms
> on the two base offenses, or consent to judicial factfinding in order to
> depart from the minimum sentence.

> 2.    Mr. Crim contends he did not admit to or authorize a judicial factfinding
> that during the commission of the offenses that he threatened to cause or
> did cause physical harm to a person under the determination required
> under R.C. §2967.28(B).

> 3.    Mr. Crim contends that the jury verdict form did not comply with R.C.
> §2945.75(A) in order to permit imposition of the enhanced element
> necessary to impose a consecutive sentence under R.C. 2945.145.

ECF Dkt. #10, Attachment 13, Exhibits 21-22.  The State filed a brief in opposition to

Petitioner's motions and on February 10, 2005, the trial court denied Petitioner's motions.  ECF

Dkt. #10, Attachment 13, Exhibits 23-24.

On February 18, 2005, Petitioner, evidently not yet aware of the trial court's February

-6-

10, 2005 denial of his motions, filed a motion for leave to amend his petition in order to add a

claim that the State of Ohio withheld evidence that was material to his defense based upon a

911 tape recording that "was the subject of a pre-trial request, was denied by this court [the trial

court] and formed the basis of an assignment of error on his initial direct appeal from the

conviction and first sentence imposed by this Court [the trial court]."  ECF Dkt. #1, Exhibit D.

Petitioner sought to add a third claim arguing:

> III.     Petitioner Was Denied Compulsory Process In Violation o His Sixth and
> Fourteenth Amendment Right to Present A Relevant Defense To The Charge Of
> Felonious Assault.  Article I §2 And 16 Of the Ohio Constitution Has Been
> Violated As Well.

Petitioner thereafter filed an untimely appeal of the trial court's February 10, 2005

ruling on his second PRC motion to the Eighth District Court of Appeals, who denied the appeal

sua sponte pursuant to Rule 4(A) of the Ohio Rules of Appellate Procedure.  ECF Dkt. #10,

Attachment 14, Exhibit 25.

Petitioner did not file an appeal to the Ohio Supreme Court.

## II.      FEDERAL HABEAS CORPUS PETITION

On May 2, 2005, Petitioner, pro se, executed a petition for writ of habeas corpus in this

Court pursuant to 28 U.S.C. §2254 and this petition was docketed for filing on May 24, 2005.

ECF Dkt. #1.  In his petition, Petitioner raises the following grounds for relief:

> Ground one: Petitioner was denied court access by prison officials in violation of
> the First Amendment.  Further exhuastion[sic] should be excused.
>
> Supporting FACTS: Petitioner did not obtain the trial court's ruling until
> February 23, 2005 due to the withholding of his legal mail by prison
> official's[sic].  He did file a timely notice of appeal on March 16, 2005, but
> the court of appeals issued a judgment dismissing same under Ohio App.R.4.
> Evidence is attached fore[sic] review in order to excuse further exhaustion of

-7-

state court remedies.

Ground Two: Petitioner was denied the right to present a relevant defense with the suppression of Brady evidence in violation of the Sixth and Fourteenth Amendment to the U.S. Constitution.

Supporting FACTS: Subsequent to affirmation of his first appeal, petitioner obtained "excerpt's"[sic] from various 911 calls made to the police that tendeded[sic] to buttress his claim of self-defense.  The prosecutor failed to investigate and provide to the defense this tape and names of witnesses who could have altered the outcome of the trial proceedings.  Evidence is attached.

ECF Dkt. #1 at 5.  On November 30, 2005, Respondent filed an answer/return of writ.  ECF Dkt. #10.

## III.  STANDARD OF REVIEW

### A.  PROCEDURAL BARRIERS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 2, 2005, well after the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).  However, a petitioner must overcome several procedural barriers before a reviewing court will review the merits of the petition for writ of habeas corpus.  As Justice O'Connor notes in *Daniels v. United States,* "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

-8-

The AEDPA statute of limitations period for filing Petitioner's petition for a writ of federal habeas corpus is not at issue in the instant case.  However, Respondent asserts that Petitioner's first ground for relief is not cognizable in federal habeas and he has procedurally defaulted his second ground for relief without establishing cause and prejudice or a fundamental miscarriage of justice.  ECF Dkt. #10 at 8.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004).  The exhaustion requirement is satisfied  "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *Id.* (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a

-9-

specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A federal habeas corpus petitioner must present his federal constitutional claims first to the state courts, including the state's highest court, in order to exhaust his state remedies and properly bring his claims in a federal habeas corpus petition.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254.  When a Petitioner presents the federal court with both exhausted and unexhausted claims, the Court must dismiss the mixed petition so long as a remedy exists at the state level.  *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).  The Sixth Circuit has expressed a preference for dismissing the unexhausted claims, staying the petition and allowing a Petitioner to promptly exhaust his state remedies and return to federal court without fear of running afoul of the one-year statute of limitations.  *See Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002).

The United States Supreme Court has recently held that federal district courts should stay, rather than dismiss, a mixed habeas corpus petition containing exhausted and unexhausted claims in order to permit the petitioner to raise his unexhausted claims in the state court and then return to the federal court for consideration of the federal habeas corpus petition.  *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534 (2005).  However, the Court found that staying federal habeas corpus petitions pending exhaustion in the state courts must be compatible with

the AEDPA's twin purposes of finality and streamlining federal habeas proceedings.  *Id.*
Accordingly, the Court outlined the limited circumstances in which granting a stay pending
exhaustion would be appropriate.  The Court explained that, "a stay and abeyance is only
appropriate when the district court determines there was good cause for the petitioner's failure
to exhaust his claims first in state court[,]" and a stay is never appropriate where the
"unexhausted claims are plainly meritless."  *Rhines*, 125 S. Ct. at 1535.  Thus, the Court held
that in order to obtain a stay and abeyance of a federal habeas corpus petition that contains
exhausted and unexhausted claims, the district court must determine that:  good cause exists for
Petitioner's failure to exhaust his claims first in state court; Petitioner's unexhausted claims are
not plainly meritless; and Petitioner has not engaged in intentionally dilatory litigation tactics or
intentional delay.  *Rhines*, 125 S. Ct. at 1535.  The Court also cautioned that a court should not
stay a mixed petition indefinitely as to do so would violate the clear timeliness concerns
reflected in the AEDPA.  *Id.*

Moreover, the procedural default doctrine serves to bar review of federal claims that a
state court has declined to address when a petitioner does not comply with a state procedural
requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment
rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.
However, when the last explained state court decision rests upon procedural default as an
"alternative ground," a federal district court is not required to reach the merits of a habeas
petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a
state court has addressed the merits of a petitioner's claim, federal courts must rely upon the
presumption that there is no independent and adequate state grounds for a state court decision

-11-

absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-

pronged analysis to determine whether a claim has been procedurally defaulted.  Under the test

enunciated in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), a reviewing court must decide:

> (1)     whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2)     whether the state courts actually enforced the state procedural sanction;
>
> (3)     whether the state procedural bar is an "adequate and independent" state ground
>         on which the state can foreclose federal review; and
>
> (4)     if the above are met, whether the petitioner has demonstrated "cause" and
>         "prejudice."

*Id.* at 138.  As set forth in the last factor of the *Maupin* test, a claim that is procedurally

defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can

demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law, or that failure to consider the claim will result in a fundamental miscarriage of

justice.  *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and

"prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v.*

*Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a

petitioner fails to show cause for his procedural default, the reviewing court need not address

the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).


Simply stated, a federal court may review federal claims

> that were evaluated on the merits by a state court. Claims that were not so
> evaluated, either because they were never presented to the state courts (i.e.,
> exhausted) or because they were not properly presented to the state courts (i.e.,
> were procedurally defaulted), are generally not cognizable on federal habeas

review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D.Ohio 2004).  The above standards apply to the

Court's review of Petitioner's claims.

###    B.    MERITS REVIEW

If a habeas petitioner overcomes the procedural obstacles described above, the AEDPA

sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The

AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable*
> *application of*, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) the United States Supreme Court

held that a state court decision is "contrary to" clearly established federal law "if the state court

arrives at a conclusion opposite to that reached by this Court on a question of law or if the state

court decides a case differently than this Court has on a set of materially indistinguishable

facts."  *Id.*  In contrast, the Supreme Court held that a state court adjudication involves an

"unreasonable application" of clearly established federal law if "the state court identifies the

correct legal principle from this Court's decision but unreasonably applies that principle to the

facts of the prisoner's case."  *Id.*  With respect to its "unreasonable application" holding, the

-13-

Supreme Court emphasized that a federal habeas court may not issue the writ "simply because

that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410. Rather, a federal habeas

court may issue the writ only if the state court's application of clearly established federal law

was objectively unreasonable.[1] *Id.*; *Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

**IV.**    **DISCUSSION**

      **A.**    **FIRST GROUND FOR RELIEF**

      Respondent contends that Petitioner's first ground for relief is not cognizable in federal

habeas corpus because a judicial determination of this issue does not affect the lawfulness of his

custody and detention and a ruling would not result in the release of Petitioner from custody.

ECF Dkt. #10 at 16.  The undersigned agrees and recommends that the Court find that

Petitioner's first ground for relief is not cognizable before this federal habeas Court.

      In his first ground for relief, Petitioner contends that he was denied court access by

prison officials because they withheld his legal mail, which impacted his ability to file a timely

appeal relating to his second ground for relief in the instant petition.  ECF Dkt. #1 at 5.

Petitioner requests that this Court find that further exhaustion of this issue is not necessary.  *Id.*

      The undersigned recommends that the Court find that Petitioner's first ground for relief

is not cognizable before this Court in a federal habeas corpus petition.  The writ of habeas

---

[1] In determining whether a state court's adjudication was contrary to or involved an unreasonable
application of clearly established Supreme Court precedent, this Court must presume as correct any factual findings
made by the state courts, unless petitioner rebuts the presumption of correctness by clear and convincing evidence.
28 U.S.C. § 2254(e)(1).

corpus is the sole remedy for a prisoner challenging the fact or duration of his physical imprisonment. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). However, habeas corpus is not the means for prisoners to assert claims of mistreatment during their legal incarceration. *Cook v. Hanberry,* 592 F.2d 248, 249 (5th Cir.1979). Such complaints "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Maddux v. Rose,* 483 F.Supp. 661, 672 (E.D.Tenn.1980). An inmate who challenges the conditions of confinement and not the fact or duration of his confinement should bring an action under 42 U.S.C. § 1983. *Austin v. Bell,* 927 F.Supp. 1058, 1066 (M.D.Tenn.1996).

Petitioner's first ground for relief complains of a delay by prison officials in giving him his legal mail, which he claims interfered with his ability to file a timely notice of appeal as to his second ground for relief.  Petitioner's first ground for relief does not challenge the fact or duration of his confinement and is thus not cognizable on federal habeas review as a separate ground for relief.  *See Pryor v. Martin*, No. 02-10014-BC, 2002 WL 31748915 (E.D. Mich. Nov. 20, 2002), unpublished ("Likewise, the petitioner's claim that prison officials are interfering with his mail concerns the conditions of his confinement, not the fact or duration of that confinement.").

For these reasons, the undersigned recommends that the Court find that Petitioner's first ground for relief is not cognizable in federal habeas corpus review.

**B**.      **SECOND GROUND FOR RELIEF**

As to Petitioner's second ground for relief, Respondent contends that Petitioner has procedurally defaulted this claim because he failed to fairly present it to the Ohio courts and he cannot now return to those courts in order to present it. ECF Dkt. #10 at 8. In his second ground for relief, Petitioner complains that he was denied the right to present a relevant defense as the prosecutor failed to provide *Brady* evidence because the prosecutor failed to investigate, failed to provide a tape recording of 911 calls made to the police and failed to provide the "names of witnesses who could have altered the outcome of the trial proceedings." ECF Dkt. #1 at 5. For the following reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his second ground for relief and has not established cause and prejudice for the default or shown a fundamental miscarriage of justice.

Petitioner first presented this particular ground for relief in his motion to amend his PCR petition on February 18, 2005 in the trial court. ECF Dkt. #1, Exhibit D. While Petitioner presented a claim relating to 911 tapes in his initial direct appeal, he did not present a Brady claim or otherwise argue that the prosecution failed to take action on the tapes, such as investigating or turning them over to the defense. ECF Dkt. #10, Attachment 3, Exhibit 7. Rather, he argued that the trial court should not have excluded the 911 tapes from presentation at trial. *Id*. Moreover, Petitioner never filed an appeal of the appellate court's decision to the Ohio Supreme Court.

Moreover, Petitioner was evidently unaware at the time that he filed his motion to amend his PCR petition that the trial court had already denied his initial PCR petition. ECF Dkt. #10, Attachment 13, Exhibit 24. Petitioner thereafter sought to appeal, but he untimely filed his notice of appeal and the appellate court dismissed his appeal pursuant to its rules

-16-

regarding timeliness.  ECF Dkt.       #10, Attachment 14, Exhibit 25.  Petitioner did not appeal this ruling to the Ohio Supreme Court.

In order to determine whether Petitioner has procedurally defaulted this ground for relief, this Court must review the *Maupin* factors.  The first factor is met as Petitioner has failed to comply with an applicable state procedural rule because he did not timely appeal to the appellate court as required under Rule 4 of the Ohio Rules of Appellate Procedure and that court found that Petitioner did not establish the requisite cause for excusing his untimeliness. Further, Petitioner may no longer file an appeal of that decision to the Ohio Supreme Court as that court does not permit delayed appeals for post-conviction relief.  Ohio Supreme Court Rules of Practice II § 2(A)(4)(b).  The second *Maupin* factor is also met because the appellate court in Petitioner's case actually enforced their Rule 4 determination as they dismissed his notice of appeal *sua sponte*.  ECF Dkt. #10, Attachment 14, Exhibit 25.  Moreover, the procedural bars of both the appellate court under its Rule 4 and of the Ohio Supreme Court are "adequate and independent" state grounds on which the state can foreclose federal review under *Maupin's* third factor as "state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time limitations for filing appeals and the requirement that all available claims be asserted in the first such proceeding serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity."  *Mustard v. Erwin*, Nos. 2:05-CV-594, 2:05-CV-647, 2006 WL 783452 (S.D. Ohio Mar. 26, 2006).

Thus, the only remaining factor of *Maupin* left to determine is the cause and prejudice factor.  Or Petitioner can still have his claim heard if he establishes a fundamental miscarriage of justice.  As to cause and prejudice, Petitioner attempts to use his first ground for relief in the

-17-

instant petition as cause when he contends that the delay by prison officials in giving him his legal mail resulted in his untimely filing of his motion to amend which included the *Brady* claim.  ECF Dkt. #1 at 8.  Petitioner asserts that he

> ...attempted an amendment to the petition by proffering the *Brady* evidence supporting that newly discovered grounds for suppression of favorable evidence by the prosecutor.  The *Brady* claim was filed by the Cuyahoga County Clerk of Court on February 18, 2005 and petitioner had no way of knowing that the trial court had made a ruling prior to the 23rd of February 2005.  Thus, due to the negligence of state prison official's[sic], petitioner could not timely file his *Brady* issue for review by the state court's[sic].

*Id.* at 8-9.

In order to show cause to excuse a procedural default, the petitioner must show that some factor external to the defense impeded counsel's efforts to comply with the state procedural rule.  *Strickler v. Greene*, 527 U.S. 263, 283, 119 S.Ct. 1936 (1999).  The element of cause is met when a prisoner shows either that the factual or legal basis for a claim was not reasonably available or that interference by officials made compliance impracticable.  *Id.,* citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639 (1986) and *Amadeo v. Zant,* 486 U.S. 214, 221-222, 108 S.Ct. 1771 (1988).

Here, the undersigned recommends that the Court find that Petitioner has not met the cause standard.  Petitioner states that he did not obtain the 911 transcripts until after he filed his PRC.  ECF Dkt. #1 at 10.  However, he goes on to say that his wife obtained the transcripts on December 27, 2004.  ECF Dkt. #1 at 10.  Yet he filed his initial PCR on January 7, 2005 and it mentioned nothing about *Brady* or the 911 transcripts.  Petitioner provides no explanation as to why he failed to raise a *Brady* claim in his initial PCR petition and instead focuses on the alleged delay by prison officials one month after this filing who allegedly delayed in providing

-18-

him with legal mail that contained the trial court's ruling on his PCR petition.  *Id.* at 11.

Since the undersigned recommends that the Court find that Petitioner cannot show cause to excuse his procedural default, Petitioner's only remaining avenue for excusing his procedural default is to show a fundamental miscarriage of justice.  This exceptions requires that a petitioner show that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995); *Carrier,* 477 U.S. at 496 . " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "To be credible, [a claim of actual innocence] requires [P]etitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324.  In order to establish actual innocence, a petitioner "must present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Souter v. Jones,* 395 F.3d 577, 589-590 (6th Cir. 2005) (quoting *Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)) (internal quotation marks omitted).

Here, Petitioner does not make an actual innocence or fundamental miscarriage of justice argument per se.  However, he asserts that his attached transcript of 911 calls "supported his trial contention that he was shot at first, that his wife's brother was armed with a gun that he obtained from the trunk of his vehicle and the state was fully aware that witnesses reported the factual accounts to the 911 operator." ECF Dkt. #1 at 11.  Petitioner also attaches an affidavit

-19-

from a witness living nearby, but he makes no argument in his second ground for relief about this affidavit.

The undersigned recommends that the Court find that Petitioner has not established a fundamental miscarriage of justice because he has not supported his allegations of constitutional error with new reliable evidence that was not already presented at trial.  First, Petitioner fails to show that the 911 evidence that he presents is new.  In fact at trial, the defense sought to introduce evidence of six to eight telephone calls to 911 from residents of Fairport Avenue who reported hearing shots fired.  ECF Dkt. #14 at 372-373.  The trial court heard argument on admitting the calls and denied introduction of those recordings that did not have identified callers, but allowed the defense to call witnesses who did identify themselves.  *Id.* at 378.  Thus, it appears that this evidence is not new.  Defense counsel also questioned Mr. Sanders, a neighbor and 911 caller, about his recorded call to 911, and he questioned Patrol Officer Tomaro about listening to the 911 calls with the prosecutor and defense counsel.  *Id.* at 287-289, 486-487.  Based upon the transcript of the trial, the undersigned recommends that the Court find that both Petitioner and his defense counsel had knowledge of the 911 recordings and in fact sought to admit them into evidence at trial, which negates a finding that Petitioner's attachment of a 911 transcript is new evidence in his case.

Moreover, the undersigned recommends that the Court find that the attached 911 transcript does not exculpate Petitioner or undermine the outcome of his trial.  Although some of the callers state that they heard numerous shots fired, none of them identify or describe anyone involved in the incident and none of them mention Petitioner.  Moreover, while other evidence presented at trial did not involve admission of the actual 911 calls from all of the

-20-

callers, the evidence that was presented at trial did raise the issues that Petitioner raises here with regard to the instant transcripts, including the number of shots fired, who fired first and whether Petitioner's brother-in-law had a weapon.  Mr. Sanders, a neighbor and 911 caller, testified that he heard a shotgun blast and saw that Petitioner's brother-in-law was returning to the house with a gun.  ECF Dkt. #14 at 452.  However, Mr. Sanders admitted that he called 911 but did not come forward with this information to police when they were investigating.  *Id*. at 483.  Petitioner's wife also testified that she heard more than one shot and saw her brother Harvey coming back into the house with a gun, although she also admitted that she did not inform the police of this when she gave a statement.  ECF Dkt. #14 at 409-411, 427.  The jury heard this evidence favorable to Petitioner and nevertheless chose to convict him.  Accordingly, the undersigned recommends that the Court find that the allegedly new evidence submitted by Petitioner is not so strong that the Court cannot have confidence in the outcome of the trial.

For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his second ground for relief, and he has not demonstrated cause and prejudice or a fundamental miscarriage of justice.

**V**.      **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's first ground for relief is not cognizable in this Court and his second ground for relief is procedurally defaulted without adequate cause and prejudice or a showing of a

-21-

fundamental miscarriage of justice.  Consequently, the undersigned recommends that the Court

dismiss the instant Petition for the Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254

with prejudice.


Date:   July 10, 2006                                              ___*/s/George J. Limbert*_____
                                                                 George J. Limbert
                                                                 United States Magistrate Judge



        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within ten (10) days of service of this notice.  Failure to file objections within the
specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See
Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).