**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ELLIS CRIM,** | ) | **CASE NO. 1:05CV1465** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Judge Peter C. Economus** |
| | ) | |
| **CHRISTINE MONEY,** | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION** |

On May 24, 2005, Ellis Crim, Petitioner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On July 10, 2006, a United States Magistrate Judge recommended that the petition be denied. (Docket No. 17.) On July 20, 2006, Crim timely filed objections to the report and recommendation. (Docket No. 18.)

The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary. See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e). For the following reasons, the Court **ADOPTS** the report and recommendation of the magistrate judge. The petition is hereby **DENIED**.

**I. FACTUAL BACKGROUND**

On December 11, 2001, a Cuyahoga County Grand Jury indicted Crim with two counts of felonious assault in violation of O.R.C. § 2903.11. (*ECF #10-2*, at 1.) Each count included one-

year and three-year firearm specifications pursuant to O.R.C. §§ 2941.141 and 2941.145. Id. The case proceeded to trial. On July 08, 2002, the trial court declared a mistrial. Id. at 3.

On November 12, 2002, a new trial began. On November 18, 2002, the jury returned a guilty verdict on both counts, including the firearm specifications. Id. at 4. On December 19, 2002, Crim was sentenced to three years imprisonment for the first felonious assault count and four years imprisonment on the second felonious assault count, to be served consecutively. Id. at 5. The court then merged the firearm specifications and imposed an additional sentence of three years to run prior to and consecutive with the aforementioned seven-year sentence. Id.

On direct appeal, Crim raised three assignments of error:

1. The trial court erred by failing to instruct the jury as to the lesser include [sic] offense of aggravated assault, R.C. § 2903.12.

2. The trial court erred by denying the introduction of 911 tapes relevant to the appellant's defense.

3. The trial court erred by sentencing the appellant to serve consecutive terms.

(*ECF #10-3*, at 5.)

On June 01, 2004, the appellate court affirmed the convictions, but reversed the sentence, in part, on the ground that the trial court did not make the necessary statutory findings to impose consecutive sentences. (*ECF #10-5*, at 17-29.) Crim did not appeal to the Ohio Supreme Court.

On August 26, 2003, Crim filed a *pro se* petition for post-conviction relief in the state appellate court. (*ECF #10-6*.) On September 02, 2003, the appellate court *sua sponte* struck the petition from the record. Id. at 3. On January 02, 2004, Crim filed a motion to transfer his petition to the trial court. Id. at 4-11. On January 20, 2004, the appellate court denied the motion on the ground that Crim failed to comply with Ohio R. Civ. P. 5 by not serving his

attorney with a copy of the motion. Id. at 18. Crim did not appeal that decision to the Ohio Supreme Court.

On August 11, 2004, the trial court reimposed Crim's original sentence and added the necessary statutory findings to support the imposition of consecutive sentences. Id. at 19.

On direct appeal, Crim, through counsel, raised two assignments of error:

> 1. Ellis Crim has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury be both the consecutive sentences imposed on him and by the sentences which exceed the minimum terms of imprisonment, for the reason that a jury did not find the facts which supported the imposition of either the consecutive sentences or the sentences which exceeded the minimum term.
>
> 2. Ellis Crim has been deprived of his liberty without due process of law by both the consecutive sentences imposed on him and by the sentences which exceed the minimum terms of imprisonment as said sentences do not comport with Ohio's new sentencing structure.

(*ECF #10-7*, at 2.) On August 11, 2005, the appellate court affirmed. (*ECF #10-12*, at 1-8.)

On September 08, 2005, Crim appealed, raising three propositions of law:

> 1. In Ohio, consecutive sentences deny a defendant of his liberty without due process of law and his constitutional right to a trial by jury because said sentences require findings of fact by the trial court which are not submitted to or found by a jury.
>
> 2. In Ohio, sentences which exceed the minimum sentences which are imposed on a defendant who has never served a prison term before deny said defendant of his liberty without due process of law and his constitutional right to a trial by jury because such sentences require findings of fact by the trial court which are not submitted to or found by a jury.
>
> 3. A defendant is denied his liberty without due process of law, when the trial court imposes a prison sentence in excess of the minimum sentence on a person who has never served a prison term before making the mandatory findings necessary to support said sentence.

(*ECF #10-12*, at 10.) On May 31, 2006, the Ohio Supreme Court accepted the third proposition of law, reversed the appellate court decision affirming Crim's sentence, and remanded the case

-3-

for re-sentencing in light of State v. Foster, 109 Ohio St.3d 1 (2006). See In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 450, 450 (2006).

On January 07, 2005, while his direct appeal was pending, Crim filed a second *pro se* petition for post-conviction relief in the trial court, raising three claims:

> 1. Mr. Crim contends that his consecutive prison terms imposed under R.C. § 2929.19(B)(2)(e) violates Blakely where petitioner did not admit to the additional factors in order to expose him to the consecutive prison terms on the two base offenses, or consent to judicial factfinding in order to depart from the minimum sentence.
>
> 2. Mr. Crim contends he did not admit to or authorize a judicial factfinding that during the commission of the offenses that he threatened to cause or did cause physical harm to a person under the determination required under R.C. § 2967.28(B).
>
> 3. Mr. Crim contends that the jury verdict form did not comply with R.C. § 2945.75(A) in order to permit imposition of the enhanced element necessary to impose a consecutive sentence under R.C. § 2945.145.

(*ECF #10-13*, at 9.) On February 10, 2005, the petition was denied. (*ECF #10-14*, at 9.)

On February 18, 2005, Crim, unaware his petition was denied, filed a motion for leave to amend his petition to include a claim that the prosecution withheld material evidence, to wit: a 911 tape, which "was the subject of a pre-trial request, was denied by this court and formed the basis of an assignment of error on his initial direct appeal from the conviction and first sentence imposed by this Court." (*ECF #1-4*, at 1.) Thus, he sought to include this additional claim:

> Petitioner was denied compulsory process in violation of his Sixth and Fourteenth Amendments right to present a relevant defense to his charge of felonious assault. Article I §§ 2 16 of the Ohio Constitution has been violated as well.

Id.

Subsequently, Crim appealed the denial of his second petition for post-conviction relief. On April 08, 2005, the state appellate court *sua sponte* dismissed the appeal as untimely pursuant

to Ohio R. App. P. 4(A). He did not appeal that decision to the Ohio Supreme Court.

On May 24, 2005, Crim filed the current petition, raising two grounds for relief:

1. Petitioner was denied court access by prison official in violation of the First Amendment. Further exhaustion should be excused.

Supporting Facts: Petitioner did not obtain the trial court's ruling until February 23, 2005 due to the withholding of his legal mail by prison official's [sic]. He did file a timely notice of appeal on March 16, 2005, but the court of appeal issued a judgment dismissing same under Ohio App. R. 4. Evidence is attached fore [sic] review in order to excuse further exhaustion of state court remedies.

2. Petitioner was denied the right to present a relevant defense with the suppression of Brady evidence in violation of the Sixth and Fourteenth Amendment to the U.S. Constitution.

Supporting Facts: Subsequent to affirmation of his first appeal, petitioner obtained "excerpt's" [sic] from various 911 calls made to the police that tendeded [sic] to buttress his claim of self-defense. The prosecutor failed to investigate and provide to the defense this tape and names of witnesses who could have altered the outcome of the trial proceedings. Evidence is attached.

(*ECF #1-1*, at 6.)

Respondent argues that both grounds lack merit and that the second ground is barred by procedural default.

## II. STANDARDS OF REVIEW

### A. Merits Review

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which allows a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner with respect to any claim that was adjudicated on the merits in two limited circumstances: (1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or (2) if the state court decision "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1-2).

A state court decision is "contrary to" clearly established federal law "if the court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Lorraine v. Coyle, 291 F.3d 416, 421-22 (6th Cir. 2003). A state court decision constitutes an "unreasonable application" when "the state court identified the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.; Lorraine, 291 F.3d at 422. However, a state court decision is not unreasonable simply because the federal court concludes that it is erroneous or incorrect. Id. at 411; Lorraine, 291 F.3d at 422. Rather, the federal court must determine whether the state court decision is an objectively unreasonable application of federal law. Id. at 410-12; Lorraine, 291 F.3d at 422.

The pleadings of *pro se* petitioners are held to less stringent standards than lawyers and are liberally construed. Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004).

**B. Procedural Default Review**

A petitioner must exhaust state remedies before a federal court may review a petition for habeas relief. 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). The exhaustion requirement is satisfied if the highest state court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

When a state court does not address a prisoner's federal claims because the prisoner did

-6-

not meet state procedural requirements, the state court decision rests on independent and adequate state grounds and federal habeas relief is barred. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). The Sixth Circuit applies a four-part test, otherwise known as the Maupin factors, to determine whether a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)).

A federal court may reach a procedurally defaulted claim if the petitioner demonstrates cause and prejudice or that not considering the claim will result in a miscarriage of justice. Id. See also Coleman, 501 U.S. at 750; Bonilla, 370 F.3d at 497. To establish cause, a petitioner must show that "some objective factor external to the defense" prevented his compliance with the state procedural rule. Bonilla, 370 F.3d at 498 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). To establish a miscarriage of justice, a petitioner must show that a constitutional violation probably resulted in the conviction of one who is actually innocent. Schlup v. Delo, 513 U.S. 298, 327 (1995). To do so, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id..

### III. LAW AND ANALYSIS

**A. First Ground for Relief**

Crim contends that he was denied court access in violation of the First Amendment when prison officials withheld his legal mail, which allegedly impacted his ability to file a timely appeal regarding his second ground for relief. Respondent argues that this ground for relief is not cognizable in federal habeas corpus because a judicial determination will not affect the lawfulness of his physical imprisonment. The Court agrees.

The writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their physical imprisonment. Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 486 (1973)). However, it is not available for prisoners challenging the conditions of their confinement. Nelson v. Campbell, 541 U.S. 637, 643 (2004). Instead, such prisoners should file an action under 42 U.S.C. § 1983. Wilkinson, 544 U.S. at 84.

Here, Crim argues that prison officials denied him court access by withholding his legal mail in violation of the First Amendment. However, this claim does not challenge the fact or duration of his confinement; it challenges the *conditions* of his confinement. See e.g. Young v. Martin, 83 Fed. Appx. 107, 108-09 (6th Cir. Dec. 05, 2003) (concluding that claim that prison officials were interfering with mail is cognizable under § 1983 not habeas corpus). Thus, his first ground for relief is not cognizable under federal habeas corpus review. Nelson, 541 U.S. at 643.

### B. Second Ground for Relief

Crim contends that he was denied the right to present a relevant defense when the prosecutor failed to provide Brady evidence, to wit: 911 tapes and names of witnesses who could have altered the outcome of the trial. Respondent argues that this ground for relief is procedurally defaulted. Again, the Court agrees.

Crim first raised this ground for relief in his motion to amend his second state petition.[1] However, he did not file that motion until after his petition was already denied. Moreover, his state appeal was ultimately dismissed as untimely. Because his appeal was dismissed pursuant to a state procedural rule and because he never appealed that decision to the Ohio Supreme Court, the first three Maupin factors are met. See e.g. Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001). Crim concedes as much in his petition. See (*ECF #1-1*, at 10) (arguing that his failure to comply with the state procedural rule should be excused). Thus, in order to proceed on this claim, Crim must establish cause. See Buell, 274 F.3d at 348 (citing Maupin, 785 F.2d at 138).

Crim alleges that he was unable to file a timely Brady claim because prison officials withheld his mail and thus, he was unaware that his second state petition was denied. However, the Court does not see how this fact is particularly relevant. Crim acknowledges that his counsel sought to introduce 911 tapes back in 2002. See (*ECF #1-1*, at 13.) Moreover, he stated that his wife obtained the tape transcripts on December 27, 2004. (*ECF #10-1*, at 11.) Thus, he was apparently aware of their existence well before he filed his second state petition on January 07, 2005.[2] Yet, he never mentioned the 911 tapes, or any other Brady violation, in either of his state petitions. Crim provides no explanation as to why he failed to do so and instead focuses on the

---

[1] Although Crim raised an issue regarding 911 transcripts in his direct appeal, that claim argued that the trial court erred by denying the introduction of 911 tapes. (*ECF #10-3*, at 5.) It did not raise a Brady claim or otherwise argue that the prosecution failed to investigate or provide 911 tapes to the defense.

[2] Also, 911 tapes are a matter of public record in Ohio. See State ex rel. Cincinnati Enquirer v. Hamilton County, 75 Ohio St. 3d 374, 379 (1996). Thus, Crim could have easily requested and received a copy of the 911 tapes at any time, as his wife did on December 27, 2004.

alleged delay by prison officials in giving him his mail one month after he had already filed his second state petition. Thus, the Court concludes that he has not established sufficient cause.

Because Crim has not established cause, his only remaining avenue for excusing procedural default is to establish a miscarriage of justice, that is, the conviction of one who is actually innocent. Schlup, 513 U.S. at 327. To do so, he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 324.

Here, Crim alleges that the 911 tapes "supported his trial contention that he was shot at first, that his wife's brother was armed with a gun that he obtained from the trunk of his vehicle and the state was fully aware that witnesses reported the factual accounts to the 911 operator." (*ECF # 1-1*, at 11.) However, he has not supported this allegation with new evidence. Indeed, at trial, he sought to admit several 911 conversations and was allowed to call as witnesses the 911 callers who had been identified.[3] (*ECF #14*, at 372-73; 378.) Thus, the evidence he now relies upon is hardly new. Nonetheless, the 911 transcripts attached to the pending petition do not tend to exculpate him or undermine the outcome of his trial given that none of the callers identify or describe anyone involved in the incident. Finally, the evidence presented at trial addressed the very issues Crim seeks to raise here: the number of shots fired, who shot first, and whether the brother-in-law possessed a firearm. Id. at 409-11; 427-28; 452. Because Crim is merely

---

[3] Crim also attaches an affidavit, dated March 22, 2003, from an eyewitness who alleges that Crim did not shoot first. (*ECF #1-7*.) However, the affiant also states that he spoke to Crim and his lawyer prior to trial and that he had made himself available to testify. Thus, the affidavit does not constitute new evidence.

attempting to re-litigate issues using the same evidence presented at trial, the Court concludes that Crim has not established a fundamental miscarriage of justice, that is, the conviction of one who is actually innocent.

Because he has not demonstrated cause and prejudice or a fundamental miscarriage of justice, Crim's second ground for relief is procedurally defaulted.

### C. Objections

In his objections to the report and recommendation, as far as it can be determined, Crim is attempting to raise, for the very first time, an ineffective assistance of counsel claim, a new procedural due process claim based on the trial court's failure to hold an evidentiary hearing, and a Confrontation Clause claim. However, the Court will not consider new claims raised in objections to a magistrate judge's report and recommendation. See United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Borden v. Sec'y of Health and Hum. Services, 836 F.2d 4, 6 (1st Cir. 1987). Otherwise, Crim does not address either of the grounds for relief raised in the instant petition and he never even mentions the issue of procedural default. It is well-established that failure to file objections waives the right for further review. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.3d 947 (6th Cir. 1981). Thus, Crim has waived his right for further review on these two grounds for relief.

### III. CONCLUSION

For the foregoing reasons, Crim's petition for a writ of habeas corpus is **DENIED**. The Court certifies that an appeal cannot be taken in good faith because Crim has not made a substantial showing of the denial of a constitutional right. See Federal Rule of Appellate Procedure 22(b); 28 U.S.C. § 2253(c). The Court also certifies that a motion to proceed *in forma*

*pauperis* on appeal cannot be well taken.  <u>See</u> 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

<u>**/s/ *Peter C. Economus* – July 31, 2006**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**